IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Marie Annette Lane, | ) | Civil Action No. 2:21-cv-02120-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| O'Reilly Automotive Stores, Inc., Store #4631 and Todd Bittner, Store #4631 Manager, | ) ) ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and without waiving any available defenses, Defendants O'Reilly Automotive Stores, Inc., Store #4631 ("O'Reilly") and Todd Bittner, Store #4631 Manager, (collectively "Defendants"), by and through undersigned counsel, hereby remove the above-entitled action from the Court of Common Pleas for Charleston County, South Carolina, where it is currently pending, to the United States District Court for the District of South Carolina, Charleston Division. Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendants state as follows:

1. On or about February 22, 2021, an action was commenced in the South Carolina Court of Common Pleas for Charleston County, entitled *Marie Annette Lane v. O'Reilly Automotive Stores, Inc., Store #4631 and Todd Bittner, Store #4631 Manager*, Case No. 2021-CP-10-00857 ("State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiff alleges she sustained injuries when she slipped and fell in oil that accumulated in a parking lot near the O'Reilly store located in Ravenel, South Carolina. *See* **Exh. A**, ¶ 3. Plaintiff also alleges that Defendant Todd Bittner was the store manager of this particular O'Reilly location and "was responsible for the operation of the store, insuring that employees adhered to store policies and that the premises was kept in a safe condition . . . ." *Id.* at ¶ 2.

3. Defendants were served with a copy of the Summons and Complaint on February 24, 2021. *See* Affidavits of Service, attached hereto as **Exhibit B**.

4. Defendant O'Reilly filed its Answer to Plaintiff's Complaint on April 22, 2021. *See* O'Reilly's Answer, attached hereto as **Exhibit C**.

5. Defendant Bittner filed his Answer to Plaintiff's Complaint on April 22, 2021. *See* Bittner's Answer, attached hereto as **Exhibit D**.

6. This case is properly removed to this Court because Defendants have satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446, and this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

## I. REMOVAL OF THIS ACTION IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. By virtue of the provisions of 28 U.S.C. § 1441(a), this entire case is one that may be removed to this Court.

### A. Complete Diversity of Citizenship Exists.

8. Upon information and belief, Plaintiff Marie Annette Lane is a citizen and resident of Colleton County, South Carolina. *See* **Exh. A**, Compl., ¶ 1.

9. Defendant O'Reilly is a Missouri corporation with a principal place of business in Missouri. Accordingly, O'Reilly is a citizen of Missouri. *See* 28 U.S.C. § 1332(c)(1).

10. Defendant Bittner is citizen and resident of South Carolina.

11. Even though Plaintiff and Defendant Bittner are both residents of South Carolina, complete diversity of citizenship exists because of the fraudulent joinder doctrine.

### B.     Defendant Bittner Is Fraudulently Joined.

12. "The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (footnote omitted). "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.*

13. To show that a plaintiff's joinder of a defendant is fraudulent, the removing party "must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (internal quotation marks omitted) (emphasis in original). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.*

14. There is no evidence that there is outright fraud in the Plaintiff's pleading of jurisdictional facts. However, there is no possibility that the Plaintiff can establish a cause of action against the in-state Defendant, Mr. Bittner, in South Carolina state court. As set forth more fully in his Affidavit, Mr. Bitter was not a manager of the particular store where Plaintiff

claims to have suffered injuries on February 27, 2018.  *See* **Exh. E**, Aff. of Todd Bittner, at ¶ 3; **Exh. A**, Compl. ¶¶ 2–3.  Mr. Bittner had no notice of the oil that Plaintiff contends she slipped on.  *See* **Exh. E**, Aff. of Todd Bittner, at ¶ 4.  Mr. Bittner also was not responsible for the hiring, training, or oversight of the employees at the subject O'Reilly store.  *Id.* at ¶ 5.  Finally, Mr. Bittner was not responsible for the maintenance or upkeep of the premises surrounding the subject O'Reilly store.  *Id.* at ¶ 6.

15. In other words, because Todd Bittner was not a manager or even present at the subject store at the time of Plaintiff's injury, it is *impossible* for Plaintiff to establish a cause of action against Todd Bittner, even in state court.  Courts from within the Fourth Circuit have come to the same conclusion based on identical facts.  For example, in *Edmond v. Food Lion, Inc.*, 895 F. Supp. 103 (E.D. Va. 1994), the plaintiff sued Food Lion, Inc. and the manager of the particular store where the plaintiff slipped and fell.  In finding that it was impossible for the plaintiff to state a claim against the store manager, the Court made the following conclusions of law:

> [T]his Court finds that, as a matter of law, there is no legal possibility of a successful claim against Jackson under Virginia law, based on the undisputed facts. It is undisputed that Jackson is not the owner or operator of the premises upon which Edmond alleges she fell. Jackson is merely the store manager, and he was not even on duty at the date and time that Edmond fell. There are no facts in the record to demonstrate that Jackson had actual or constructive notice of any defects upon the store premises. There are no allegations that Jackson negligently hired, trained or supervised his employees at Food Lion Store # 627. Moreover, it is not contradicted that Jackson was not involved in the actual maintenance of the store on or about the time Edmond fell. Accordingly, based on the undisputed facts and the allegations in the motion for judgment, Jackson cannot be liable under Virginia law. *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977). As there is no legal possibility of recovery against him, Jackson is not a proper party to this lawsuit, and the Court finds that Jackson has been improperly joined within the meaning of *Marshall*, *supra*.

*Edmond v. Food Lion, Inc.*, 895 F. Supp. 103, 105 (E.D. Va. 1994).

16.     Therefore, the fraudulent joinder doctrine applies and this Court should disregard Mr. Bittner's citizenship to determine diversity of citizenship.

17.     In sum, this action involves "citizens of different States."  *See* 28 U.S.C. § 1332(a)(1).  Because Plaintiff is a citizen of South Carolina, and no defendant properly joined and served is, or was at the time the action was commenced, a citizen of South Carolina, complete diversity of citizenship exists and removal of this action is proper under 28 U.S.C. § 1441(b).

### C.     **The Amount-in-Controversy Requirement Is Satisfied.**

18.     Even though Plaintiff failed to state a specific amount in controversy in her Complaint, Defendants can still satisfy the amount-in-controversy requirement.  On June 15, 2021, Plaintiff served her Answers to Defendant O'Reilly's First Set of Interrogatories.  Plaintiff alleges that she has incurred the following damages as a result of the subject accident:

   a.  physical injuries- knee, leg, hip, blood clots

   b.  Pain and suffering- The Plaintiff has suffered pain and continues to experience the same.

   c.  Emotional distress- The Plaintiff has suffered emotional distress resulting from loss of income and pain.

   d.  Mental anguish- The Plaintiff has suffered mental anguish resulting from loss of income and pain.

   e.  Medical expenses- $476,237.51

   f.  Lost Income- Approximately $13,000 paid to Bart Crosby for filling in for Plaintiff and the paint company.

   g.  Future medical expenses- unknown at this time.

*See* Pl.'s Answers to O'Reilly's First Set of Interrogatories, attached hereto as **Exhibit F**, at *11, Pl.'s Answer to Interrogatory No. 9.

19. Plaintiff seeks approximately $500,000 in economic damages alone as a result of the subject accident. *Id.* As such,

> **if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an** amended pleading, motion, order or **other paper from which it may first be ascertained that the case is one which is or has become removable**.

28 U.S.C. § 1446(b)(3) (emphasis added). The removal statute goes on to specify that

> **[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy** in the record of the State proceeding, or **in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)**.

28 U.S.C. § 1446(c)(3)(A) (emphasis added). *See, e.g.*, *Moore v. Murphy*, No. 9:16-CV-318-RMG, 2016 WL 11608379, at *2 (D.S.C. Mar. 29, 2016).

20. Therefore, O'Reilly's receipt of Plaintiff's discovery responses containing alleged damages in excess of $75,000 constitutes an "other paper" within the meaning of 28 U.C. § 1446(b)(3). *See, e.g.*, *Chappell v. Int'l Bhd. Elec. Workers Loc. Union 772*, No. 3:14-CV-02153, 2014 WL 4748607, at *3 (D.S.C. Sept. 23, 2014) ("Interrogatory responses and documents produced in response to a discovery request constitute other papers from which it may first be ascertained that the case is one which is or has become removable.") (internal quotation marks and brackets omitted).

21. Based on the allegations of Plaintiff's damages as pled in her Complaint as well as the damages enumerated in her discovery responses, Plaintiff seeks recovery in excess of $75,000, and the amount-in-controversy requirement for diversity jurisdiction is satisfied.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

22. Because Defendants are filing this Notice of Removal both within thirty days of receipt of an "other paper" as stated in 28 U.S.C. § 1446(c)(3)(A) and within the one-year timeframe provided by 28 U.S.C. § 1446(c)(1), such removal is both timely and proper.

23. The Charleston County Court of Common Pleas, Ninth Judicial Circuit, State of South Carolina, is located within the District of South Carolina, Charleston Division. Venue of this removal is thus proper under 28 U.S.C. § 121(1) because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

24. Pursuant to 28 U.S.C. §1446(a), no other process, pleadings or orders were served upon, or otherwise received by, Defendants or their attorneys in the State Court Action except for the pleadings and Affidavits of Service attached hereto as **Exhibits A–D**.

25. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are simultaneously being served upon counsel for all parties of record and the State Court from which this action was removed.

## III. CONCLUSION.

26. This action involves a controversy wholly between citizens of different states and the amount in controversy in this cause exceeds the sum of $75,000, as appears from the allegations contained in Plaintiff's Complaint and Plaintiff's discovery responses. Accordingly, this action is one over which the District Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332, and having satisfied all procedural requirements, removal to this Court is proper under 28 U.S.C. § 1441.

27. This Notice of Removal is made without waiving any objections or defenses that Defendants may have to any defect in service or to the claims asserted against Defendants in the Complaint.

**WHEREFORE**, Defendants pray that this cause proceed in this Court as an action properly removed thereto.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/Christopher J. Daniels
    Christopher J. Daniels
    Federal Bar No. 411
    E-Mail: chris.daniels@nelsonmullins.com
    Scott D. MacLatchie
    Federal Bar No. 13028
    E-Mail: scott.maclatchie@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

    *Attorneys for Defendants*

Columbia, South Carolina

July 15, 2021